IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| MILLERS CAPITAL INSURANCE COMPANY | * |
|---|---|
| Plaintiff, | * Civil Action No. RDB-18-0553 |
| v. | * |
| ANIL VASANT, et al. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Millers Capital Insurance Company ("Millers Capital") filed the instant action for a declaratory judgment pursuant to Fed. R. Civ. P. 57 and U.S.C. § 2201. (Compl., ECF No. 1.), seeking a declaration that it has no duty to defend or indemnify Defendants, Anil Vasant ("Vasant"), Nimesha Patel, Shailesh Patel, Vasu, Inc. ("Vasu"), and Choice Hotels International Inc. ("Choice Hotel"), all of whom are insured under a commercial general liability ("CGL") policy ("the Policy") with Millers Capital. Specifically, this matter arises out of a lawsuit filed in the Circuit Court for Wicomico County, Maryland, by Jane Doe plaintiffs, who were victims of a human trafficking and prostitution ring. That ring operated in Salisbury, Maryland in 2014 and utilized hotel rooms.

Defendant Choice Hotel has filed a Counterclaim for Declaratory Relief (ECF No. 11) seeking a judgment declaring that Millers Capital owes Choice Hotel a defense in the underlying cases at issue as well as reimbursement for all past defense costs in the underlying cases and attorney's fees and costs incurred pursuing and defending the instant action.

Millers Capital has denied its duty to defend the Defendants in the underlying cases based solely on the Abuse or Molestation Endorsement in its insurance policy. This denial of coverage is without merit as it is evident that none of the Defendant Insureds or their employees had the abuse victims under their care, custody, or control.

Currently pending before this Court are cross-motions for summary judgment: (1) Millers Capital Insurance Company's Motion for Summary Judgment (ECF No. 20); (2) Defendants Anil Vasant, Nimesha Patel, Shailesh Patel and Vasu, Inc.'s Cross-Motion for Summary Judgment (ECF No. 22); and (3) Defendant Choice Hotel's Motion for Summary Judgment (ECF No. 23). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Millers Capital's motion shall be DENIED, and the Defendants' motions shall be GRANTED, and Judgment shall be entered in favor of Anil Vasant, Nimesha Patel, Shailesh Patel, Vasu, Inc., and Choice Hotels International Inc., and against Millers Capital Insurance Company.

## BACKGROUND

I. **The Policy**

Plaintiff Millers Capital and Defendants Anil Vasant, Nimesha Patel, Shailesh Patel and Vasu, Inc., were parties to a contract of insurance issued by Millers Capital, Policy No. CPP-5049946-01 for the contract period of October 25, 2014 through October 25, 2015. (ECF No. 1 at ¶ 12.) Defendant Choice Hotel is a franchisor of the named insureds and named as an "additional insured" under the Policy. (*Id.* at ¶ 9.) The insuring agreement includes Millers Capital's "duty to defend the insured against any 'suit'" seeking bodily injury

and property damages liability as well as personal and advertising injury liability, within stated limits and exclusions. (ECF No. 1-1.)

The Policy's Abuse or Molestation Endorsement modifies the CGL coverage by adding the following exclusion to the "bodily injury and property damage" and "personal and advertising injury" coverage provisions:

> The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I- Coverage B – Personal And Advertising Injury Liability:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
>
> 2. The negligent:
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Reporting to the proper authorities, or failure to so report; or
>    e. Retention;
>
>    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

Policy Form CG 21 46 07 98, Compl. Ex. A, ECF No. 1-1 at 141.

## II. The Underlying Lawsuits[1]

This action arises out of underlying lawsuits against Defendants and others in the Circuit Court for Wicomico County, Maryland. (ECF No. 1 at ¶ 2.) The Jane Doe plaintiffs in the underlying lawsuits filed suit for injuries sustained after suffering various forms of abuse by a human trafficking and prostitution ring that they alleged operated in Salisbury, Maryland in 2014 between the months of June and November. (ECF No. 20-2 at ¶ 10.) The perpetrators of the abuse used America's Best Value Inn, owned by Subh Properties, L.L.C., as their primary headquarters, renting hotel rooms for extended periods of time where the prostitution and drug transactions took place. (*Id.* at ¶¶ 10-11, 15-20.) The perpetrators kidnapped women and held them against their will, took provocative pictures and posted them on a website advertising prostitution services, forced them to have sexual intercourse with individuals who responded to the advertisements, and forced them to perform sexual acts on the perpetrators, often drugged. (*Id.* at ¶¶ 27-34, 47-53, 64-68, 73-78, 83-91.)

The Jane Doe plaintiffs also allege that around November 4 or November 5, 2014, they were moved to an Econo Lodge franchised by Choice Hotel and held against their will until they were moved again. (*Id.* at ¶¶ 36, 55, 68.)[2] While being held captive at the Econo Lodge, the women alleged that they were forced to pose for provocative pictures that were

---

[1] *Jane Doe # 1, et. al. v. Subh Properties, LLC et. al.*, case nos. C-22-CV-17-000071, C-22-CV-17-000072, C-22-CV-17-000073, C-22-CV-17-000074. (ECF No. 20-1 at 1.) A representative complaint is filed as Exhibit 1 to Millers Capital's Motion. (ECF No. 20-2.) Counsel for Choice Hotel have advised this Court that a global settlement was reached in the underlying actions resulting in all claims against Defendants herein being voluntarily dismissed. (ECF No. 27.) The settlement of the underlying lawsuits does not moot the issues in the instant case. (*Id.*)

[2] Defendants supplied deposition testimony indicating that the Jane Doe plaintiffs were at the Econo Lodge only one night, perhaps only a few hours. (ECF No. 22-2.)

posted on a website soliciting prostitution, they were forced to perform sexual intercourse as prostitutes, and they were forced to perform sexual acts on the perpetrators, often drugged. (*Id.* at ¶¶ 37-40, 56-59, 69-71.)[3]

On or around November 19, 2014, the hotel rooms at America's Best Value Inn were raided by multiple law enforcement agencies, and the perpetrators were arrested. (*Id.* at ¶¶ 93-94.) Subsequently, the perpetrators either pleaded guilty or were found guilty of counts of human trafficking and kidnapping among others. (*Id.* at ¶¶ 99-102.)

In November 2017, the Jane Doe plaintiffs filed the lawsuits underlying the instant action against Vasu and Choice Hotel, as well as against Subh Properties, L.L.C. and its owners, alleging claims of negligence (premises liability), negligent training, retention and supervision, and *respondeat superior*. (ECF No. 20-2.)

### III. The Instant Action

After the filing of the underlying lawsuits, the Defendants, insured under CGL Policy No. CPP-5049946-01 (Compl. Ex. A, ECF No. 1-1), filed a claim with Millers Capital. (ECF No. 1 at ¶¶ 12, 15.) In response, Millers Capital extended a defense under a reservation of rights while it investigated the matter. (ECF Nos. 1-2, 1-3.) After reviewing the policy, Millers Capital sent Defendants a letter in February 2018 declining coverage and commenced the instant lawsuit in this Court.[4] (ECF Nos. 1, 1-3.) Millers Capital contends that the CGL

---

[3] Defendants supplied deposition testimony indicating that the Jane Doe plaintiffs were not forced to prostitute while at the Econo-Lodge. (ECF No. 22-2.)
[4] This case was initially assigned to the Honorable Marvin J. Garbis, who has since retired, and the case was reassigned to the undersigned on September 5, 2018. The basis of jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF No. 1 at ¶ 10.)

policy contains an Abuse or Molestation Endorsement that excludes coverage for the underlying lawsuits. (ECF No. 1 at ¶ 16, ECF No. 1-3 at 1, 5-6.)

Defendants Choice Hotel filed a Counterclaim with its Answer, alleging that Millers Capital has wrongly denied coverage. (ECF No. 11 at ¶ 5.) Choice Hotel asserts that Millers Capital has continued to pay for Vasu's defense and expenses while awaiting adjudication by this Court but has refused to pay for Choice Hotel's defense and expenses. (ECF No. 23 at ¶ 15.) The pending cross-motions request this Court to make a determination as a matter of law whether the Policy's Abuse or Molestation Endorsement precludes coverage for the claims asserted in the underlying lawsuit.

## LEGAL STANDARD

The resolution of the pending Motions requires this Court to confront only legal, and not factual, issues. As such, this Court will examine the parties' respective arguments for or against coverage through the lens of Rule 56 of the Federal Rules of Civil Procedure, which provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a declaratory judgment action such as this, "summary judgment may be warranted where there is no dispute as to the terms of an insurance contract but only as to their meaning." *Utica Mut. Ins. Co. v. Miller*, 746 A.2d 935, 939 (Md. Ct. Spec. App. 2000) (citation omitted).

When both parties file motions for summary judgment, as here, this Court applies the same standard of review to both motions, considering "'each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of

law.'" *Defenders of Wildlife v. North Carolina Dept. of Transp.*, 762 F.3d 374, 392 (4th Cir. 2014) (quoting *Bacon v. City of Richmond, Va.*, 475 F.3d 633, 638 (4th Cir. 2007)). "[B]y the filing of a motion [for summary judgment,] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." *Brown v. Perez,* 835 F.3d 1223, 1230 n.3 (10th Cir. 2016) (citation omitted); *see also Sherwood v. Washington Post,* 871 F.2d 1144, 1148 n.4 (D.C. Cir. 1989) ("[N]either party waives the right to a full trial on the merits by filing its own motion."). "However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they '"may be probative of the non-existence of a factual dispute." *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620 (D. Md. 2013) (quoting *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983)); *Georgia State Conference of NAACP v. Fayette County Bd. of Comm'rs,* 775 F.3d 1336, 1345 (11th Cir. 2015).

## ANALYSIS

Under the guidance of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity must apply federal procedural law and the substantive law of the forum in which the court sits. *See, e.g.*, *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n. 3 (4th Cir. 2013). Under Maryland law, an insurer's duty to defend is distinct from its duty to indemnify, and the duty to defend is broader than the duty to indemnify. *Walk v. Hartford Cas. Ins. Co.*, 852 A.2d 98, 106 (Md. 2004). "In Maryland, an insurance company has a duty to defend its insured 'for all claims that are potentially covered under the policy.'" *Unwired Sols., Inc. v. Ohio Sec. Ins. Co.*, 247 F. Supp. 3d 705, 708 (D. Md. 2017) (quoting *Walk*,

7

852 A.2d at 106). This means that "[e]ven if a tort plaintiff does not allege facts which clearly bring the claim within or without the policy coverage, the insurer still must defend if there is a potentiality that the claim could be covered by the policy." *Id.* (quoting *Brohawn v. Transamerica Ins. Co.*, 347 A.2d 842, 850 (Md. 1975)).

To determine if the duty to defend exists under Maryland law, this Court follows a two-part inquiry: "First, it examines the coverage and defenses under the terms and requirements of the insurance policy. Second, it asks whether the allegations in the underlying suit potentially bring the claim within the policy's coverage." *Gemini Ins. Co. v. Earth Treks, Inc.*, 260 F. Supp. 3d 467, 476 (D. Md. 2017), *aff'd*, 728 F. App'x 182 (4th Cir. 2018) (quoting *St. Paul Fire & Marine Ins. Co. v. Pryseski*, 438 A.2d 282, 285 (Md. 1981)). "[W]here a potentiality of coverage is uncertain from the allegations of a complaint, any doubt must be resolved in favor of the insured." *Id.* (quoting *Maryland Cas. Co. v. Blackstone Int'l Ltd.*, 114 A.3d 676, 682 (Md. 2015)). "Additionally, where a duty to defend is contested, an insurer may not look outside the underlying pleadings to deny its obligations. An insured, however, may rely on extrinsic evidence." *Id.* (citing *Aetna Cas. & Sur. Co. v. Cochran*, 651 A.2d 859, 863, 866 (Md. 1995)).

Millers Capital contends that it has no duty to defend because the Policy's Abuse or Molestation Endorsement precludes coverage for the claims asserted in the underlying lawsuits. (ECF No. 20 at ¶ 4.) It argues that Maryland courts have interpreted the "arising out of" language to exclude any claims that would not exist "but for" the excluded conduct. (ECF No. 20-1 at 4 (citing *Insights Trading Grp., LLC v. Fed. Ins. Co.*, Civil Action No. RDB-10-340, 2010 WL 2696750 (D. Md. July 7, 2010).) According to Millers Capital, all of the

claims in the underlying lawsuits against the Defendants allege injuries that arise from the abuse and molestation suffered during the human trafficking ring's operations at the Econo Lodge owned by Vasu and franchised by Choice Hotel. (ECF No. 20-1 at 2.)

Defendants distinguish the instant case from the cases cited by Millers Capital by emphasizing that there are no allegations that any of the insured Defendants, or their employees or anyone for whom they were legally responsible, abused or molested the Jane Does. (ECF No. 21 at 7-8). The endorsement applies to "actual or threatened abuse or molestation <u>by anyone</u> of any person while in the care, custody or control of any insured." Policy Form CG 21 46 07 98, Compl. Ex. A, ECF No. 1-1 at 141 (emphasis added). The abuse or molestation does not have to have been committed by "the insured" or even "an insured," but by "anyone."

Defendants contend, however, that the victims in the underlying cases were never in the "care, custody or control" of any insured. (*See e.g.*, ECF No. 22 at ¶ 5; ECF No. 23 at ¶ 7.) They further contend that the victims make allegations of false imprisonment, which is expressly covered in the Policy. (ECF No. 21 at ¶¶ 3-6; ECF No. 22 at ¶¶ 3-6; ECF No. 23 ¶¶ 7, 10-12.)

The Policy does not define "care, custody or control." Maryland law applies ordinary contract principles to insurance contracts, and Maryland courts analyze the plain language of an insurance contract, "according words and phrases their ordinary and accepted meanings as defined by what a reasonably prudent lay person would understand them to mean." *Capital City Real Estate, LLC v. Certain Underwriters at Lloyd's London*, 788 F.3d 375, 379 (4th Cir. 2015) (quoting *Kendall v. Nationwide Ins. Co.*, 702 A.2d 767, 771 (Md. 1997)).

9

Other courts have reviewed the "care, custody or control" language in similar policy exclusions and analyzed dictionary definitions of each term. *See, e.g.*, *Valley Forge Ins. Co. v. Field*, 670 F.3d 93, 99 (1st Cir. 2012) (quoting Webster's Third New International Dictionary); *Holiday Hosp. Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574, 579–80 (Ind. 2013) (quoting Webster's II New College Dictionary and Black's Law Dictionary (9th ed. 2009).); *Acadia Ins. Co. v. Pearl River Cmty. Coll.*, 237 F. Supp. 3d 437, 442 (S.D. Miss. 2017) (quoting Merriam–Webster Dictionary). The only case to address persons in the "care, custody, or control" of a hotel---*Holiday*---used the following definitions:

> Webster's defines "care" in this context as "[t]he function of watching, guarding, or overseeing." "Custody" is defined as "[t]he act or right of guarding, esp. such a right granted by a court." "Control" means "[t]o exercise authority or influence over" or "[t]o hold in restraint." Black's Law Dictionary is similar, defining "care" as "[u]nder the law of negligence or of obligations, the conduct demanded of a person in a given situation," defining "custody" as "[t]he care and control of a thing or person for inspection, preservation, or security," and "control" as "[t]o exercise power or influence over.
>
> We think these are reasonable definitions for these terms as they are used in the insurance policy at issue. We also note that the policy lists the three terms in the disjunctive, thus not requiring all three to be satisfied for coverage to be excluded.

983 N.E.2d at 579 (citations omitted).

In *Holiday*, a young boy was molested by an off-duty hotel employee who used a hotel key to enter a locked guest room, a situation that is not analogous to the facts in the instant case. However, the *Holiday* court's analysis is informative. Although the young boy was in the care of his friend's mother, who was a hotel guest, the court found that the concept of "care, custody or control" is not a mutually exclusive concept, and the young boy could also

10

be in the care of the hotel at the same time. *Id.* at 580-81. Although not directly a guest of the hotel, the court considered whether he may have been under the control of the hotel to some extent because he would be subject to hotel rules or policies, such as the no smoking rule. *Id.* The *Holiday* court also considered whether a hotel guest was a "business invitee" who was owed a duty of care by the hotel "to keep the business property in a reasonable safe condition," but it determined that being in the "care, custody, or control of someone . . . requires more than a mere business invitee status." *Id.* at 579, 580 n. 8.

Ultimately, the *Holiday* court majority decided that the young boy was in the "care" of the hotel based on the particular combination of facts in that case: he was molested by a hotel employee, while staying in a rented guest room, behind a door locked by an electronic key provided by the hotel. *Id.* at 580. However, the court also noted that it was not making "a bright-line declaration that any guest of any motel is *ipso facto* 'in the care of' that motel." *Id.* at 581 n.9.[5] The dissenting judge in *Holiday* stated:

> Relying on its plain and ordinary meaning the majority defines "care" in part as "[t]he function of watching, guarding, or overseeing." But there is nothing in the record before us or in the case authority cited by the parties supporting the notion that as a matter of law a motel is obligated or otherwise required to engage in any of the foregoing functions.

*Id.* at 582 (Rucker, J., dissenting).

Under Maryland law, an invitee of a hotel guest is owed the same duty of reasonable care as the hotel owes the hotel guest. *Corinaldi v. Columbia Courtyard, Inc.*, 873 A.2d 483, 490-

---

[5] *But see Holiday*, 983 N.E.2d at 582 (Dickson, J., concurring) (stating a belief that "the proper understanding of 'care' is determined by well-established Indiana law that a hotel guest is considered a business invitee and is entitled a duty of reasonable care.")

91 (Md. Ct. Spec. App. 2005).[6] However, before such a duty arises, the innkeeper must be on notice, either actual or constructive, that the invitee is on the premises and potential harm is foreseeable and preventable. *See id.* at 493. While the observation regarding this "special relationship" is in the context of negligence liability, this Court finds it instructive in the present context, i.e., can an innkeeper be carrying on the "function of watching, guarding, or overseeing" without knowing about the guest? This Court concludes that the answer to that question is 'no'---there is simply no legal basis to find that an innkeeper has care, custody or control of an unknown guest in the hotel.[7] Even if the circumstances are such that the innkeeper may have been negligent for not being aware of the unknown guest or that abuse was occurring on its premises, such circumstances do not bring the unknown guest under the innkeepers' care, custody, or control.

Having examined the coverage and defenses under the terms and requirements of the insurance policy, this Court moves to the second step of the analysis to determine whether the allegations in the underlying suit potentially bring the claim within the policy's coverage. *Gemini*, 260 F. Supp. 3d at 476. Here, because the duty to defend is being contested, the Defendants may rely on extrinsic evidence to demonstrate potential coverage.

Defendants cite deposition testimony of victims in the underlying lawsuits, specifically noting the following Jane Doe testimony:

---

[6] In *Coronaldi*, an invitee of a hotel guest was shot by a third person at a party in the hotel guest's rented rooms. 873 A.2d at 486.

[7] Such a conclusion is consistent with the *Holiday* court's analysis. 983 N.E.2d at 580-82. The only other hotel case found in which the court analyzed similar insurance exclusion wording only focused on whether "abuse" occurred since there was a stipulation that the exclusion applied if the behavior at issue was found to be abuse. *See Sarah G. v. Me. Bonding & Cas. Co.*, 866 A.2d 835 (Me. 2005). In that case, the hotel owner solicited the children to stay at the hotel with no adult accompaniment. *Id.*

- Jane Does were moved to the Econo Lodge in a hurry from the previous hotel after one of the victims had escaped, and they stayed only one night, possibly only a few hours. (ECF No. 22-2).

- Jane Does remained in the vehicle during check-in. No Econo Lodge staff saw them. Housekeeping did not come to the rooms. (*Id.*)

- Jane Does did not see any "clients" while at the Econo Lodge because the operation was shut down for the night. (*Id.*)

- No staff at the Econo Lodge saw the Jane Does because they were not allowed by their captors to go to the office. (*Id.*)

- Jane Does #1 and #3 testified that they were not abused or molested while at the Econo Lodge, but they were falsely imprisoned at the hotel. (*Id.*)

Based on this testimony, the wrong-doers actively prevented Econo Lodge from knowing about the victims, deliberately keeping them hidden, so there is no evidence that the hotel was ever aware of the victims being on its premises. Thus, the hotel cannot have had the victims under its "care, custody or control." Because the court must resolve any doubts in favor of the insured, it is clearly possible that the claims in the underlying lawsuit could be covered by the Policy. *Gemini*, 260 F. Supp. 3d at 476. Under these circumstances, Millers Capital, the insurer, has a duty to defend.[8] *See Unwired*, 247 F. Supp. 3d at 708 ("Even if a tort plaintiff does not allege facts which clearly bring the claim within or without the policy coverage, the insurer still must defend if there is a potentiality that the claim could be covered by the policy.").

Accordingly, this Court holds that under the circumstances herein, the Policy's Abuse or Molestation Endorsement does not exclude coverage for the claims arising in the underlying lawsuits, and Millers Capital has the duty to defend all insured Defendants in

---

[8] It is also possible, based on the extrinsic evidence provided, that an independent false imprisonment claim is viable, which provides a separate claim for injury for which Millers Capital has the duty to defend.

those lawsuits. Further, Defendant Choice shall be reimbursed for its defense costs in the underlying cases and attorney's fees and costs spent pursuing and defending the instant action. In that regard, Millers Capital shall have the opportunity to respond to the amounts claimed.

## CONCLUSION

For the reasons stated above:

1. Millers Capital Insurance Company's Motion for Summary Judgment (ECF No. 20) is DENIED.

2. Defendants Anil Vasant, Nimesha Patel, Shailesh Patel and Vasu, Inc.'s Cross-Motion for Summary Judgment (ECF No. 22) is GRANTED.

3. Defendant Choice Hotel's Motion for Summary Judgment (ECF No. 23) is GRANTED.

4. Judgment shall be entered in favor of Anil Vasant, Nimesha Patel, Shailesh Patel, Vasu, Inc., and Choice Hotels International Inc., and against Millers Capital Insurance Company.

A separate order follows.

Dated: October 25, 2018.

                                                  /s/

                                        Richard D. Bennett
                                        United States District Judge